# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| MONROE JONES,<br><br>                            Plaintiff,<br><br>v.<br><br>BRIAN WARD, et al.,<br><br>                            Defendants. | Case No. 3:16-CV-0112-MMD (VPC)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is plaintiff's failure to comply with Local Rule ("LR") IA 3-1 requiring plaintiff to change his address.

On February 21, 2017, defendants filed a motion to dismiss and a motion for summary judgment (ECF Nos. 33/34). Plaintiff was given notice by the court at his last known address of the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) on February 22, 2017 (ECF No. 35). The *Klingele* notice was returned by the U.S. Postal Service and marked with a stamp that indicates this mail was "unclaimed" by the plaintiff (ECF No. 37).

The court then *sua sponte* issued a minute order granting plaintiff an extension of time to file an opposition to the motions and ordering plaintiff to file a notice of change of address (ECF No. 38). The Clerk also issued a notice of intent to dismiss defendant Rexwinkle pursuant to Fed.R.Civ.P. 4(m) for failure to complete service (ECF No. 39). The 4(m) notice was also returned by the U.S. Postal Service and marked, "Forward Time Exp Rtn to Send" (ECF No. 40).

To date, plaintiff has failed to file points and authorities in opposition to the motions and he has failed to file a notice of change of address with the court. In fact, plaintiff has not filed a

document with the court since January 28, 2017 when he changed his address from Warm Springs Correctional Center to General Delivery, Reno, Nevada (ECF No. 28).

LR IA 3-1 provides that the failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action with prejudice." Prior to dismissal for failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the court and defendants cannot contact plaintiff, nor should the court or defendants be required to continue to try to resolve the case without the plaintiff's participation. All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the court recommends that this case dismissed with prejudice based upon plaintiff's failure to notify the court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

/ / /

/ / /

/ / /

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED with prejudice** for plaintiff's failure to comply with LR IA 3-1.

DATED: May 17, 2017.

_____
UNITED STATES MAGISTRATE JUDGE